HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR19-256RSL |
| Plaintiff, | ORDER GRANTING UNOPPOSED MOTION TO PROCEED WITH GUILTY PLEA HEARING BY VIDEO CONFERENCING |
| v. | |
| JONATHAN ERIC LUNDEEN, | |
| Defendant. | |

THE COURT has considered the unopposed motion to proceed with a guilty plea hearing by video hearing, along with all the records and files in this case and the General Orders currently in effect.

THE COURT FINDS that the circumstances are as set forth in the motion, and that a video guilty plea hearing may take place as soon as practical because further delays in this case would cause "serious harm to the interests of justice," *see* General Order No. 04-20 (3/30/20), for the reasons set forth in the motion. Accordingly,

THE COURT ORDERS that the parties may proceed with a plea hearing by video conference, consistent with current procedures established by this Court, and directs the parties to consult with one another and the Court to schedule such a hearing at a mutually acceptable date and time.

THE COURT also makes the following specific findings:

1. The Judicial Conference of the United States must find that the coronavirus emergency will materially affect the functioning of the federal courts generally or a particular court. CARES Act,

ORDER GRANTING UNOPPOSED
MOTION TO PROCEED WITH GUILTY
PLEA HEARING BY TELECONFERENCING
(*Jonathan Lundeen*; CR19-256RSL) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

§ 15002(b)(2)(A). It has done so. See "Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic," Administrative Office of the United States Courts (published March 31, 2020) (available at https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic).

2. The chief district judge of the affected district must specifically find that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety." CARES Act, § 15002(b)(2)(A). The Chief Judge Martinez has done so. GO 04-20 (March 30, 2020).

3. The Court finds in this particular case that for specific reasons specified in the pleadings that the plea in this case cannot be further delayed without serious harm to the interests of justice." CARES Act, § 15002(b)(2)(A).

4. The defendant must consent. CARES Act, § 15002(b)(4); see also GO 04-20. Mr. Lundeen consents by way of filing.

5. For all practical purposes, the hearing must take place by videoconference, not telephone conference. Theoretically, a sentencing could be done by telephone conference if "video teleconferencing is not reasonably available." CARES Act, § 15002(b)(2)(A). A videoconference hearing is reasonably available in this case.

DONE this __4th__ day of September, 2020.

*[signature: Mt S Lasnik]*

ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

ORDER GRANTING UNOPPOSED
MOTION TO PROCEED WITH GUILTY
PLEA HEARING BY TELECONFERENCING
(*Jonathan Lundeen*; CR19-256RSL) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Presented by:

s/ *Christopher M. Sanders*
Assistant Federal Public Defender
Attorney for Jonathan Lundeen

ORDER GRANTING UNOPPOSED
MOTION TO PROCEED WITH GUILTY
PLEA HEARING BY TELECONFERENCING
(*Jonathan Lundeen*; CR19-256RSL) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100